UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE ROBERTS AND KRISTEN CLEMENTS,<br><br>Plaintiffs,<br><br>v.<br><br>CAESARS ENTERTAINMENT, INC. D/B/A HARRAH'S PHILADELPHIA AND CPL. JOANNE DRAGOTTA,<br><br>Defendants. | Civil Action No.: 14-cv-03890 |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

JACKSON LEWIS P.C.
John M. Nolan (#94337)
Alacoque Hinga Nevitt (#310072)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
Tel: (267) 319-7802
Fax: (215) 399-2249

## I. PRELIMINARY STATEMENT

Defendant Harrah's Chester Downs Management Company, LLC d/b/a Harrah's Philadelphia Casino & Racetrack (improperly identified as Caesars Entertainment, Inc. d/b/a Harrah's Philadelphia) (hereinafter referred to as "Defendant"), submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). First, Plaintiffs' claims for malicious prosecution and wrongful use of civil proceedings should be dismissed because they relate solely to Plaintiffs' alleged protected union activity. Since the National Labor Relations Board ("NLRB") is the exclusive forum for the adjudication of such claims, Plaintiffs' causes of action are improperly raised before this Court. Second, Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA") because they require an interpretation of Plaintiffs' union collective bargaining agreement ("CBA"). Even presuming this Court construes Plaintiffs' preempted state-law claims to arise under Section 301 of the LMRA, they are subject to dismissal because they are time-barred. Third, Plaintiffs' claims fail as a matter of law because Defendant has a legal obligation to report any theft or suspected theft to the Pennsylvania State Police ("PSP") and to the Pennsylvania Gaming Control Board ("PGCB"). As such, Defendant's report to the PSP and the PGCB cannot constitute a malicious prosecution or a wrongful use of civil proceedings. For these reasons, as set forth more fully below, Defendant respectfully requests that this Court grant its Motion and dismiss Plaintiffs' Complaint against Defendant in its entirety with prejudice.

## II. STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

For the purposes of this motion only, Defendant will assume that all of Plaintiffs' factual allegations are true. Plaintiffs were union employees whose employment with Defendant was governed by the terms of a collective bargaining agreement between Unite Here Local 54 and

Defendant. (Plaintiffs' Amended Complaint ("Compl.") ¶23). Plaintiffs claim that Defendant "wrongfully retaliated against them for asserting their contractual rights to fair pay and fair working conditions under the terms of their union collective bargaining agreement." (Compl. ¶1). Plaintiffs' CBA specifically references dishonesty in Section 6.02; and in Section 6.05(a) it references licensure. See Exhibit A, applicable portions of Plaintiffs' CBA. The CBA states, "Pursuant to the laws, rules and regulations of the United States Department of Transportation, Pennsylvania Gaming Control Board, Pennsylvania Harness Racing Commission, Pennsylvania Liquor Control Board and the Pennsylvania Board of Health and other applicable federal, state and local authorities, employees of Pennsylvania Harrah's will be required to satisfy certain licensing requirements. A failure to obtain and/or maintain said license or to otherwise comply with above and the rules and regulations promulgated thereunder shall be ground for immediate discharge…" See Exhibit A, Section 6.05(a). It is undisputed that under the specific terms of the CBA, Defendant and Plaintiffs must abide by the applicable federal, state and local laws.

Plaintiffs' claims for malicious prosecution (Count II) and wrongful use of civil proceedings (Count III) assert that Defendant retaliated against Plaintiff by filing a report with the PSP and the PGCB "in retribution for exercising their union collective bargaining rights." (Compl. ¶¶ 130, 140). On June 24, 2014, Plaintiff commenced the instant lawsuit by filing a Complaint with the United States District Court for the Eastern District of Pennsylvania. Plaintiff filed its Amended Complaint on August 28, 2014.

## III. ARGUMENT

### A. THE STANDARDS FOR A MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6)

#### 1. Federal Rule of Civil Procedure 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), when "considering a motion to dismiss for lack of subject matter jurisdiction, the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Fed. Realty Inv. Trust v. Juniper Props. Group, No. 99-3389, 2000 U.S. Dist. LEXIS 344, 2000 WL 45996, at *3 (E.D. Pa. Jan. 21, 2000) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)). The district court, when reviewing a motion to dismiss for lack of subject matter jurisdiction, "must accept as true the allegations contained in the plaintiff's complaint, except to the extent federal jurisdiction is dependent on certain facts." Id. (citing Haydo v. Amerikohl Mining, Inc., 830 F.2d 494, 496 (3d Cir. 1987)). The district court is not confined to the face of the pleadings when deciding whether subject matter jurisdiction exists. Id. (citing Armstrong World Indus. v. Adams, 961 F.2d 405, 410, n.10 (3d Cir. 1992)). "In assessing a Rule 12(b)(1) motion, the parties may submit and the court may consider affidavits and other relevant evidence outside of the pleadings." Id. (citing Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990)).

#### 2. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corporation v. Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

In Ashcroft v. Iqbal, the Supreme Court applied the Twombly standard, stating that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 570). The Supreme Court explained that deciding whether a "complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

### B. PLAINTIFFS' CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE THE NATIONAL LABOR RELATIONS BOARD IS THE EXCLUSIVE FORUM FOR REDRESS OF PLAINTIFFS' CLAIMS.

Plaintiffs' claims before this Court fail as a matter of law because they may only be raised before the NLRB. It is well settled that "Congress decided that both federal and state courts are preempted from deciding cases arguably subject to § 7 or § 8 of the NLRA." San Diego Bldg. Trades Council v Garmon, 359 U.S. 236 (1959) (ruling the NLRB possesses

exclusive original jurisdiction over claims of unfair labor practices raised pursuant to §§ 7 and 8 of the NLRA); see also Briones v. Bon Secours Health Sys., 69 Fed. Appx. 530, 535-536 (3d Cir. N.J. 2003) (finding that the employer was entitled to dismissal because the claims brought by Appellants were preempted by sections 7 & 8 of the NLRA) citing Voilas v. General Motors Corp., 170 F.3d 367, 378 (3d Cir. 1999)(finding "Garmon preemption protects the exclusive jurisdiction of the NLRB over unfair labor practice proceedings; accordingly, if a cause of action implicates protected concerted activity under Section 7 of the National Labor Relations Act ("NLRA") or conduct that would be prohibited as an unfair labor practice under Section 8 of the NLRA, the cause of action is preempted."); Dinapoli v. Int'l Alliance of the Theatrical Stage Emples. Local 8, 2010 U.S. Dist. LEXIS 49619, 22-23 (E.D. Pa. May 19, 2010) (dismissing Plaintiff's claims for civil conspiracy, fraud and fraudulent misrepresentation because the duties of good faith under Section 8 of the NLRA were undoubtedly triggered and Garmon preemption applied).

Plaintiffs' Complaint specifically alleges that Defendant "wrongfully retaliated against them for asserting their contractual rights to fair pay and fair working conditions under the terms of their union collective bargaining agreement." (Amended Complaint (Compl.") ¶1). Plaintiffs claim Defendant engaged in malicious prosecution (Count II) and wrongful use of civil proceedings (Count III) against Plaintiffs "in retribution for exercising their union collective bargaining rights." (Compl. ¶¶ 130, 140). Such claims, however, are to be construed as violations of Plaintiffs' rights pursuant to Sections 7 and 8(a)(3) of the NLRA. Radai v. First Transit, 477 Fed. Appx. 870 (3d Cir. N.J. 2012) (finding Plaintiffs' allegations that the employers hindered their union activity falls squarely within the protections afforded by Sections 7 and 8 of the NLRA and are within the exclusive jurisdiction of the NLRB); see also Reppert v.

Reading Area Sch. Dist., 2003 U.S. Dist. LEXIS 7769 (E.D. Pa. Apr. 16, 2003) ("Plaintiff's claims are based on conduct that is governed by the NLRA" and "are preempted by the NLRA."). Here, based on Plaintiffs' own allegations, this matter is preempted by the NLRA. The primary jurisdiction rationale requires that when the same controversy may be presented to the state court or the NLRB, it must be presented to the NLRB. Radai v. First Transit, 477 Fed. Appx. 870 (3d Cir. N.J. 2012)(finding Garmon preemption protects the exclusive jurisdiction of the NLRB); see also Hotel Employees & Restaurant Employees Int'l Union v. Stadium Hotel Partners, L.P., 1994 U.S. Dist. LEXIS 13697 (E.D. Pa. Sept. 26, 1994) citing Sears, Roebuck & Co. v. San Diego County District Council of Carpenters, 436 U.S. 180, 202 (1978).

A case that may be particularly instructive to this Court is Chung v. McCabe Hamilton & Renny Co., 109 Haw. 520 (Haw. 2006), as it provides a thorough analysis of Garmon preemption principles in regards to malicious prosecution and abuse of process claims. See Exhibit B. In Chung, the Court decided that Appellant's claims for abuse of process and malicious prosecution were preempted by the NLRA. The Court stated that Appellant's abuse of process and malicious prosecution claims presented a "realistic risk of interference with the [NLRB's] primary jurisdiction to enforce the statutory prohibition against unfair labor practices." Id. at 532 (citing Sears, 436 U.S. at 198). In its deliberations, the Court found that the frequently quoted passages from Garmon were the controlling principles in determining NLRA preemption:

> *When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by [section] 7 of the [NLRA], or constitute an unfair labor practice under [section] 8, due regard for the federal enactment requires that state jurisdiction must yield . . . . To allow the States to control conduct which is the subject of national regulation would create potential frustration of national purposes.*
>
> At times it has not been clear whether the particular activity regulated by the States was governed by [section] 7 or [section] 8 or was, perhaps, outside both these sections. But courts are not primary tribunals to adjudicate such issues. *It is essential to the*

7

> *administration of the Act that these determinations be left in the first instance to the [NLRB].*
>
> *. . . When an activity is arguably subject to [section] 7 or [section] 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the [NLRB] if the danger of state interference with national policy is to be averted.*

Id. at 528 (citing Garmon, 359 U.S. at 244-45).

Plaintiffs' claims for malicious prosecution and wrongful use of civil proceedings are the same claims that would be presented before the NLRB as they are entirely premised on Plaintiffs' exercise of their union collective bargaining rights pursuant to Sections 7 and 8(a)(3) of the NLRA. Such claims are within the exclusive jurisdiction of the NLRB. Accordingly, this Court should dismiss Plaintiffs' claims in their entirety, with prejudice.

### C. **PLAINTIFFS' CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE THEY ARE PREEMPTED BY SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT AND TIME-BARRED.**

#### 1. LMRA Section 301 Preemption

Plaintiffs' claims are also preempted by the LMRA. The Supreme Court has explained the principle of preemption pursuant to § 301 of the LMRA as follows:

> if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles -- necessarily uniform throughout the Nation -- must be employed to resolve the dispute.

Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06, 100 L. Ed. 2d 410, 108 S. Ct. 1877 (1988); see also Dinapoli v. Int'l Alliance of the Theatrical Stage Emples. Local 8, 2010 U.S. Dist. LEXIS 49619, 26-27 (E.D. Pa. May 19, 2010) (finding Plaintiffs' tort claims must be dismissed because the Complaint arises directly from or involves the collective bargaining process and is preempted by Section 301 of the LMRA); Shanefelter v. United States Steel Corp., 784 F. Supp. 2d 550, 555-559 (W.D. Pa. 2011)(finding LMRA Section 301 preemption

because the Complaint arises directly from or involves the collective bargaining agreement and collective bargaining process); see also Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 228 (3d Cir. 1995). This principle extends beyond suits alleging contract violations to suits grounded in tort as well. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-11, 85 L. Ed. 2d 206, 105 S. Ct. 1904 (1985); see also Dinapoli, 2010 U.S. Dist. LEXIS at 26-27; Shanefelter, 784 F. Supp. at 555-559. Section 301 preemptively governs claims "founded directly on rights created by [CBAs], and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" Caterpillar, 482 U.S. at 394 (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. at 220; Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. at 405-06 ("If the resolution of a state-law claim depends upon the meaning of a [CBA], the application of state law . . . is pre-empted . . . .").

To determine whether the LMRA preempts Plaintiffs' claims, the court generally "begin[s] with the elements of . . . plaintiff's state law claim[s]." Lingle, 486 U.S. at 405-06; see also Shanefelter v. United States Steel Corp., 784 F. Supp. 2d 550, 559 (W.D. Pa. 2011). In the instant case, Plaintiffs' complaint sets forth two causes of action against Defendant under Pennsylvania Law: (1) malicious prosecution; and (2) wrongful use of civil proceedings. Notably, in Korthas v. Northeast Foods, Inc., 2006 U.S. Dist. LEXIS 18846 (N.D.N.Y Feb. 27, 2006), the Court squarely held that Plaintiff's malicious prosecution claim was preempted under Section 301 because it required interpretation of the CBA. See Exhibit C, Korthas at 33-34. The Court held that Defendant "could not act with an improper motive if it was authorized by the CBA to contact the Police or discharge or otherwise discipline [Plaintiff] as a result of the harassment complaint. Ascertaining whether [Defendant] was so authorized requires an

interpretation of the CBA and [Plaintiff's] malicious prosecution claim as to [Defendant] is preempted by Section 301 of the LMRA." Id. at 33-34.

Similarly here, to sustain a claim for malicious prosecution, a plaintiff must prove (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 791 (3d Cir. Pa. 2000). The first two elements do not require an interpretation of the CBA. However, Plaintiff must prove the next two elements, namely that Defendant did not have knowledge of sufficient facts to support probable cause for a criminal complaint, and that they made the complaint with actual malice or an improper motive.[1]

Plaintiffs maintain that Defendant is liable for malicious prosecution because it allegedly rendered assistance to the PSP when it reported its investigative findings of theft to Tropper Dragotta. Compl. ¶¶58, 60. If the Court assumes *arguendo* that Defendant participated in the criminal prosecution, then the court can only conclude the malicious prosecution claim against Defendant would be preempted by the LMRA because proof that Defendant acted with malice would require interpreting the CBA. See Exhibit C, Korthas at 33-34. The Third Circuit has defined malice as "ill will in the sense of spite . . . or its use for an extraneous improper purpose." Bartow v. Thomas, 2014 U.S. Dist. LEXIS 89943 (W.D. Pa. July 2, 2014) (citing Lippay v. Christos, 996 F.2d 1490 (3d Cir. Pa. 1993). Here, Section 6.02 of Plaintiffs' CBA, which specifically references dishonesty, and Section 6.05(a) of the CBA, which specifically references licensure ("[a] failure to obtain and/or maintain said license or to otherwise comply with above and the rules and regulations promulgated thereunder shall be grounds for immediate

---

[1] Notably, here, Plaintiffs do not make any factual allegations that Defendant initiated or filed a criminal complaint against them, and therefore, they fail to state a cognizable claim for relief. This is explained more fully below.

10

discharge...."), would be applicable to the court's interpretation of whether Defendant acted with malice. See Exhibit A. Defendant could not act with an improper motive if it was authorized by the CBA to contact the PSP, discharge, or otherwise discipline Plaintiffs. If Defendant was attempting to determine whether the Plaintiffs violated certain gaming rules and regulations, as authorized under the CBA, the only way to make that determination is for the court to interpret the CBA to decide if the employer was privileged to do so. Ascertaining whether Defendant was so authorized requires an interpretation of the CBA and therefore, Plaintiffs' malicious prosecution claim as to Defendant is preempted by § 301 of the LMRA.

For these same reasons, Plaintiffs' wrongful use of civil proceedings claim is preempted by § 301 of the LMRA. Under 42 Pa.C.S. § 8351, a plaintiff in a wrongful use of civil proceedings case must prove the following elements: (a) the initial lawsuit was brought in a grossly negligent manner or without probable cause and for a purpose other than discovery, joinder, or adjudication; and (b) the proceedings have terminated in favor of the person against whom they were commenced. D'Elia v. Folino, 2007 PA Super 286, P8 (Pa. Super. Ct. 2007).[2] Again, ascertaining whether Defendant was authorized to conduct an investigation into theft for the purpose of discharge, to contact the PSP or PGCB, or otherwise discipline Plaintiffs requires an interpretation of the CBA. As such, Plaintiffs' wrongful use of civil proceedings claim as to Defendant is preempted by § 301 of the LMRA.

### 2. Plaintiffs' Claims Are Time-Barred Under Section 301

Presuming this Court construes Plaintiffs' preempted state-law claims to arise under Section 301 of the LMRA, they are subject to dismissal because they are time-barred. The statute of limitations for a § 301 claim is six months from when the plaintiff discovers or in the exercise

---

[2] Notably, Defendant did not bring any civil proceeding against Plaintiff nor does Plaintiff allege any facts to support that Defendant initiated a civil proceeding against them. This is explained more fully below.

11

of reasonable diligence should have discovered, the acts constituting the alleged violation. See Myers v. AK Steel Corp., 156 Fed. Appx. 528, 530 (3d Cir. Pa. 2005)(finding the employee's action could not be considered without reference to a collective bargaining agreement. "Therefore, the preemptive effect of § 301 is implicated," and the six-month limitations period in § 10(b) of the NLRA applied.); see also Seritti v. Miners Mem. Med. Ctr., 2001 U.S. Dist. LEXIS 10558 (M.D. Pa. July 24, 2001); DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 171-72, 76 L. Ed. 2d 476, 103 S. Ct. 2281 (1983); Vadino v. A. Valey Engineers, 903 F.2d 253, 260 (3d Cir. 1990). Here, Plaintiff's malicious prosecution and wrongful use of civil proceedings claims accrued when the charges against them were dismissed. See Feingold v. Berger, 2009 Phila. Ct. Com. Pl. LEXIS 238 (Pa. C.P. 2009); see also Cap. v. K-Mart Discount Stores, Inc., 515 A.2d 52, 53 (Pa. Super Ct. 1986); Zappala v. Hub Foods, Inc., 683 F. Supp. 127, 131 (W.D. Pa. 1988).

Plaintiffs allege that the Gambling Control Board withdrew all charges against Plaintiffs on February 25, 2013 (Compl. ¶ 117) and that the Court of Common Pleas of Delaware County, Pennsylvania dismissed all criminal charges against each of the Plaintiffs on October 15, 2013 (Compl. ¶ 119). Under Section 301 of the LMRA, the statute of limitations for Plaintiffs' claims began to run on those respective dates, allowing Plaintiffs until August 25, 2013 to file their wrongful use of civil proceedings claim and until May 15, 2014 to file their malicious prosecution claim. Plaintiffs waited until June 24, 2014 to file their initial Complaint. Accordingly, as the state-law claims may only be construed as Section 301 claims, the statute of limitations for preempted state-law claims is six-months, thereby rendering Plaintiffs' claims untimely. As Plaintiffs' claims are time-barred, the Court should dismiss Plaintiffs' claims in their entirety, with prejudice.

### D. **PLAINTIFFS' CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE DEFENDANT IS LEGALLY REQUIRED TO MAKE A REPORT OF THEFT OR SUSPECTED THEFT TO THE PENNSYLVANIA STATE POLICE AND THE PENNSYLVANIA GAMING CONTROL BOARD.**

Defendant is legally required to abide by 58 Pa. Code § 465a.9, which governs Defendant's surveillance system, surveillance department controls, and surveillance department restrictions. In order to be an operating licensed facility, Defendant's surveillance system must comply with 18 Pa.C.S. Chapter 57 (relating to Wiretapping and Electronic Surveillance Control Act) and Section 1522 of the act (relating to interception of oral communications) and shall be submitted to and approved by the Board under § 465a.2 (relating to internal control systems and audit protocols). The Bureau of Casino Compliance will review surveillance system specifications to determine whether Defendant's system provides the adequate and effective surveillance of activities inside and outside the licensed facility mandated by section 1207(11) of the act (relating to regulatory authority of board). See 58 Pa. Code § 465a.9. In accordance with state law, Defendant submitted its Surveillance Department Policies and Procedures for approval by the Board. Included in the Surveillance Department Policies and Procedures is a notification list that specifies Defendant's reporting requirements. See Exhibit D, Notification Requirements to PSP and PGCB. The notification requirements are the same requirements for all Pennsylvania operated casinos. Notification to the PSP and PGCB is not optional; it is required by Pennsylvania state law. Id.; see also Exhibit D. If Defendant does not make the required report, or does not make the report in a timely fashion, Defendant would be cited and/or fined.

Here, Defendant simply followed its legal requirements and reported its findings of a suspected theft to the PSP and the PGCB. Defendant did not initiate any criminal or civil

13

proceedings and therefore, as a matter of law, Plaintiffs' claims for malicious prosecution and wrongful use of civil proceedings fail.

As stated above, under Pennsylvania law a malicious prosecution claim requires proof that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 791 (3d Cir. Pa. 2000). In the instant case, there is no factual allegation in Plaintiffs' Complaint that states Defendant initiated a criminal proceeding. Rather, Plaintiffs simply allege that Mary Harper "presented the findings of her investigation" to Tropper Dragotta. Compl. ¶58. There is no allegation that Ms. Harper or any employee of Defendant did anything other than present its investigative findings to the PSP, as they are required to do by state law. See Exhibit D. Here, the criminal proceeding filed against Plaintiffs was filed by the State Police, after they conducted an independent investigation. Compl. ¶61. Significantly, Defendant's only involvement in the criminal case was as a witness and victim of the alleged crime. Mary Harper testified as a witness at the preliminary hearing regarding Defendant's investigative findings. Notably, the Judge concluded at the preliminary hearing that a prima facie case had been presented against both Plaintiffs on all matters and set a date for arraignment. The Judge's finding that there was enough evidence to proceed to an arraignment should preclude Plaintiff's malicious prosecution claim against Defendant. Clearly, as the Judge held, there was enough evidence to reasonably suspect theft. Notably, Defendant did not have *any* involvement with this matter after the preliminary hearing. As such, Plaintiffs have not alleged any facts to support its claim for malicious prosecution against Defendant.

Similarly, Plaintiffs claim for wrongful use of civil proceedings against Defendant fails for failure to state a cognizable claim for relief and as a matter of law. Under 42 Pa.C.S. § 8351, a plaintiff in a wrongful use of civil proceedings case must prove the following elements: (a) the initial lawsuit was brought in a grossly negligent manner or without probable cause and for a purpose other than discovery, joinder, or adjudication; and (b) the proceedings have terminated in favor of the person against whom they were commenced. D'Elia v. Folino, 2007 PA Super 286, P8 (Pa. Super. Ct. 2007). In the instant matter, there was no civil lawsuit initiated by Plaintiff. The only proceeding that took place was an internal proceeding before the Pennsylvania Gaming Control Board. Compl. ¶78. The only allegation relating to this proceeding against Defendant is that Ms. Harper "provided the Bureau of Investigations and Enforcement with the report and investigative files she had prepared." Compl. ¶77. Again, there is no allegation that Defendant initiated a civil proceeding. In fact, Plaintiffs' Complaint states that the Bureau of Investigations and Enforcement (*not* Defendant) filed petitions with the Gaming Control Board to revoke Plaintiff's non-gaming licenses. Compl. ¶78. Defendant simply reported its findings of suspected theft to the PGCB, which it is legally required to do. See Exhibit D.

Plaintiffs' allegations that Defendant's reports to the PSP and to the PGCB somehow constitutes a malicious prosecution and a wrongful use of civil proceedings is not supported by the facts alleged in Plaintiffs' Complaint and has no support in the law. Essentially, Plaintiffs are asking this Court to allow a claim to proceed against Defendant based solely on factual allegations that assert Defendant complied with their obligations under the law. The facts alleged against Defendant Harrah's simply do not assert a cognizable claim for relief. Accordingly, this Court should dismiss Plaintiffs' claims in their entirety, with prejudice.

## IV. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court grant its Motion to Dismiss and dismiss, with prejudice, Plaintiffs' Complaint in its entirety.

Respectfully submitted,

**JACKSON LEWIS, P.C.**

*s/ John M. Nolan*
John M. Nolan (Pa Id. 94337)
Alacoque Hinga Nevitt (Pa Id. 310072)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
Tel: (267) 319-7802

Attorneys for Defendant Harrah's Chester
Downs Management Company, LLC

Dated: September 9, 2014

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE ROBERTS AND KRISTEN CLEMENTS, | Civil Action No.: 14-cv-03890 |
| Plaintiffs, | |
| v. | |
| CAESARS ENTERTAINMENT, INC. D/B/A HARRAH'S PHILADELPHIA AND CPL. JOANNE DRAGOTTA, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the foregoing *Defendant's Motion to Dismiss Plaintiffs' Complaint* upon the following counsel of record, via the Court's ECF Filing System, this 9th day of September 2014:

Gerard K. Schrom, Esquire
Schrom, Shaffer and Botel
4 West Front Street
Media, PA 19063

Randall J. Henzes, Esquire
Deputy Attorney General
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107

Respectfully Submitted,

**JACKSON LEWIS P.C.**

/s/   *John M. Nolan*
John M. Nolan (Pa Id. 94337)

4810-4276-3806, v. 2