# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAULETTE D. BENARD, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No. |
| | : | |
| WASHINGTON COUNTY; CITY OF | : | |
| WASHINGTON; CORPORAL | : | |
| DANIEL STANEK, individually and in his | : | |
| capacity as a Police Officer with the City | : | |
| of Washington Police Department; | : | |
| WASHINGTON COUNTY SHERIFF'S | : | |
| OFFICE; LARRY O. MAGGI, | : | |
| individually and in his capacity as the | : | |
| former Sheriff of Washington County; | : | |
| T. WILLIAM BRYKER, individually and | : | |
| his capacity as a former Captain with the | : | |
| Washington County Sheriff's Office; | : | |
| JOHN C. RHEEL, individually and in his | : | |
| capacity as a former Chief Deputy Sheriff | : | |
| with the Washington County Sheriff's | : | JURY TRIAL DEMANDED |
| Office; and DENISE STRAFFON, | : | |
| | : | |
| Defendants. | : | Electronically Filed |

## CIVIL COMPLAINT

AND NOW comes Plaintiff, Paulette D. Benard, by and through her Counsel, Peter M. Suwak, Esquire, who files this Complaint, based upon the following:

## INTRODUCTION

1. Plaintiff Paulette D. Benard is an adult individual with a mailing address of 15 Hawk Lane, P.O. Box 24, Marianna, Washington County, Pennsylvania 15345.

2. Defendant Washington County is a fourth class county in the Commonwealth of

1

Pennsylvania with offices located at 702 Courthouse Square, 100 West Beau Street, Washington, Pennsylvania 15301.

3. Defendant City of Washington is a municipal corporation duly organized within the Commonwealth of Pennsylvania with an office located at 55 West Maiden Street, Washington, Pennsylvania 15301.

4. Defendant Corporal Daniel Stanek is an adult individual employed as a Police Officer with the City of Washington Police Department located at 55 West Maiden Street, Washington County, Washington, Pennsylvania 15301.

5. Defendant Washington County Sheriff's Office is a duly organized county office located at 101 Courthouse Square, 100 West Beau Street, Washington, Pennsylvania 15301.

6. Defendant Larry O. Maggi is an adult individual formerly employed with the Washington County Sheriff's Office as Sheriff, an elected position, with an address of 101 Courthouse Square, 100 West Beau Street, Washington, Pennsylvania 15301.

7. Defendant T. William Bryker is an adult individual formerly employed as a Captain with the Washington County Sheriff's Office with an address of 101 Courthouse Square, 100 West Beau Street, Washington, Pennsylvania 15301.

8. Defendant John C. Rheel is an adult individual formerly employed as Chief Deputy Sheriff with the Washington County Sheriff's Office with an address of 101 Courthouse Square, 100 West Beau Street, Washington, Pennsylvania 15301.

9. Defendant Denise Straffon is an adult individual with an address of 26 Second Avenue, Burgettstown, Washington County, Pennsylvania 15021-2614.

10. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(a)(3) and

(a)(4), and 28 U.S.C. §1331.

11. Plaintiff was employed by the Defendant Washington County Sheriff's Office as a Deputy Sheriff in December 1991. Plaintiff's was suspended indefinitely without pay on or about April 26, 2002 and subsequently her employment was terminated on or about November 2002.

12. Plaintiff filed a timely charge of discrimination against Defendant Washington County Sheriff Department with the Pennsylvania Human Relations Commission ("HRC") and the United States Equal Employment Opportunity Commission ("EEOC") alleging that she was discriminated against on the basis of her gender in violation of state and federal anti-discrimination statutes. Said charge was filed within 180 days of the allegedly discriminatory conduct.

13. Plaintiff also dual filed this charge with the EEOC. Said charge was filed at EEOC No.17F-2003-60997. On or about March 17, 2006, Plaintiff received a notice of right to sue from the EEOC, advising that she had 90 days to file suit following her receipt of the notice against Defendant under Title VII. A copy of the right to sue is attached hereto as Exhibit A and incorporated herein. This complaint was filed within the aforementioned 90 day period. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

## STATEMENT OF FACTS

14. Plaintiff began working for Defendant Washington County Sheriff's Office in 1991 as a Deputy Sheriff.

15. Plaintiff's protected class is Sex, female.

16. Plaintiff was qualified because of her many years of successful employment with the Defendant Washington County Sheriff's Office.

17. On or about April 26, 2002, Defendants Maggi, Rheel and Bryker suspended Plaintiff without pay indefinitely.

18. The Defendants' reason for the suspension was that Plaintiff refused to participate in the investigation into a complaint of theft by unlawful taking, insubordination, and failure to obey a direct order.

19. All similarly situated male officers are allowed to seek union representation and advised of charges against them before they are required to participate in disciplinary conferences or meetings.

20. Plaintiff had filed discrimination complaints against Defendant Washington County Sheriff's Office in 1993 and in 1999.

21. The persons who harmed Plaintiff, the named county defendants, knew of Plaintiff's previous complaints of discrimination.

22. Plaintiff believes Defendants' actions were retaliatory because, in direct opposition to the treatment all similarly situated officers receive, Plaintiff was not given union representation nor informed of the charges against her before Defendants sought to require her to answer questions and participate in an investigation of her behavior.

23. On or about April 16, 2002, Plaintiff was on duty as a deputy sheriff at the Washington County Courthouse. Her duty was to search individuals who sought to enter the courthouse. Such duties included searching personal effects and insuring passage through a metal detector.

24. On that date, Defendant Denise Straffon and her ten year old son sought entry to the courthouse apparently to arrange for bail for a family member who was held at the Washington County Jail on various criminal charges.

25. While plaintiff, in accord with her duties, was searching Straffon's purse, Straffon began to loudly scream that plaintiff had taken a portion of the cash (approximately $50.00) that she had in her purse. Plaintiff advised Defendant Straffon to calm down and count her money. Upon counting her money, Defendant Straffon acknowledged that the $755.00 she required for bail purposes was in her possession. However, Straffon claimed that plaintiff returned $50.00 to her following her loud protests.

26. Several courthouse employees had responded to the screaming. None confirmed that the plaintiff had taken or returned any funds to Defendant Straffon. At least one was fully in position to witness the event and confirmed that it did not happen as Straffon claimed.

27. Defendant Straffon's ten year old son spontaneously exclaimed that the officer had not taken any money and that his mother was wrong. However, sometime later in the course of the subsequent investigation, the ten year old changed his story in response to the biased investigation to support his mother.

28. Subsequently, Defendant Straffon complained to the Washington County Sheriff's Office who, through the named defendants, initiated an investigation. Additionally, the sheriff's department requested the City of Washington to initiate an investigation.

29. Subsequently, as confirmed by correspondence of District Attorney John Pettit, the Sheriff Defendant Maggi and the investigating officer, Defendant Stanek reviewed the case with the district attorney who refused to make a recommendation that an arrest be made.

30. Nonetheless, despite the district attorney's opinion of the case, the Sheriff and Washington Police Department filed charges against the plaintiff.

31. More particularly, a criminal complaint was filed and the plaintiff was charged with Theft by Unlawful Taking or Disposition, Criminal Attempt and Official Oppression in violation of Sections 3921(a), 901(a) and 5301(a)1 of the PA Crimes Code. This complaint was filed by Defendant Officer Stanek with the encouragement, urging, request together with the provision of

false evidence by county defendants, based upon the false statements of Defendant Straffon, intentionally, knowingly and/or otherwise in reckless disregard of the rights of the Plaintiff.

32. Eventually the matter was referred to the Commonwealth's Attorney General's Office, upon the recusal of District Attorney John Pettit. An independent review by the Attorney General's Office resulted in the conclusion that there was insufficient evidence to prosecute.

33. On or about April 19, 2004, the charges against plaintiff were formally withdrawn with the approval of the Court of Common Pleas of Washington County.

34. It is noted that the criminal charges against plaintiff, while unfounded and false, received widespread media publicity, severely damaging her reputation in the community.

## COUNT I - DISCRIMINATION ON THE BASIS OF GENDER

35. The averments of paragraphs 1 through 34 are incorporated herein by reference as though fully set forth at length.

36. Defendants intentionally discriminated against plaintiff because of her gender by:

   (a) improperly suspending Plaintiff without justification and in violation of her rights;

   (b) suspended and ultimately terminated Plaintiff in retaliation for prior discrimination complaints;

37. As a direct and proximate cause of the above described actions of the Defendants, plaintiff has sustained and will continue to sustain in the future, irreparable harm and substantial money damages, including the following:

   a. Such sums as are due Plaintiff for back pay, loss of wages, advancements, fringe benefits, seniority and retirement benefits.

   b. Compensatory damages for other pecuniary losses, including but not limited to, costs of seeking new employment, in an amount to be determined at trial.

   c. Compensatory damages for non-pecuniary losses, including pain, suffering, emotional distress, inconvenience, damage to her reputation and humiliation, in an

6

amount to be determined at trial.

    d. Punitive damages as a result of outrageous conduct outlined herein, in an amount to be determined.

    e. Attorney's fees and costs associated with this instant action.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment on her behalf against the County Defendants and award damages in an amount to be determined, to order the reinstatement of Plaintiff to an equal or better position with Defendant Sheriff's office than the one from which she was suspended/discharged, and grant such other relief as the Court deems necessary and proper under the circumstances. JURY TRIAL DEMANDED.

## COUNT II: STATE DISCRIMINATION

38. The averments of paragraphs 1 through 37 above are here incorporated as though fully set forth at length.

39. Throughout her employment with the defendant, plaintiff met applicable job applications, was qualified for the position she held and performed her job in a manner which fully met the defendant's legitimate expectations.

40. The actions outlined above, setting forth discriminatory actions by the defendant against plaintiff based upon her gender, constitute a violation of the equal protection clause of the Pennsylvania Constitution and/or the Pennsylvania Human Relations Act.

41. As a result thereof, plaintiff has incurred the damages set out in paragraph 37(a-e) above which are herein incorporated as though fully set forth at length.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment on her behalf against County Defendants and award damages in an amount to be determined, to order the reinstatement of Plaintiff to an equal or better position with Defendant Sheriff's office than the

one from which she was suspended/discharged, and grant such other relief as the Court deems necessary and proper under the circumstances. JURY TRIAL DEMANDED.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. The averments of paragraphs 1 through 41 above are here incorporated as though fully set forth at length.

43. The aforementioned facts constitute the state tort of intentional infliction of emotional distress.

44. As a result thereof, plaintiff has incurred the damages set out in paragraph 37(a-e) above which are herein incorporated as though fully set forth at length.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment on her behalf against all Defendants and award damages in an amount to be determined. JURY TRIAL DEMANDED.

### COUNT IV: RETALIATORY SUSPENSION AND/OR DISCHARGE

45. The averments of paragraphs 1 through 44 above are here incorporated as though fully set forth at length.

46. The aforementioned facts constitute the state tort of retaliatory and/or wrongful discharge contrary to public policy and or union activities.

47. As a result thereof, Plaintiff has incurred the damages set out in paragraph 37(a-e) above which are herein incorporated as though fully set forth at length.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment on her behalf against County Defendants and award damages in an amount to be determined., to order the reinstatement of Plaintiff to an equal or better position with Defendant Sheriff's office than the

one from which she was discharged, and grant such other relief as the Court deems necessary and proper under the circumstances. JURY TRIAL DEMANDED.

## COUNT V - MALICIOUS PROSECUTION
### (Plaintiff v. all Defendants)

48. The averments of Paragraphs 1 through 47 are hereby incorporated as though fully set forth at length.

49. The facts previously outlined constitute the state tort of malicious prosecution.

50. As a result of this conduct, plaintiff suffered damages as previously outlined in Paragraph 37 (a-e).

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly, severally, and individually in an amount to be determined by the jury and costs and such other relief as the Court deems proper. JURY TRIAL DEMANDED.

## COUNT VI - CIVIL RIGHTS VIOLATION
### (Plaintiff v. all Defendants)

51. The averments of Paragraphs 1 through 50 are hereby incorporated as though full set forth at length.

52. The actions of Defendant Stanek, acting in conjunction with county defendants, with their encouragement, urging and the specific provision of unreliable or false evidence, together with a biased investigation which included the obtaining of slanted investigative statements, deprived plaintiff of her civil rights, in that they engaged in malicious prosecution, under color of law contrary to the Fourth (IV) Amendment guarantees against unreasonable seizures. Plaintiff Benard was arrested without probable cause and for an improper purpose. More particularly, the purpose of the arrest, pursuit, pressing and institution of the unsubstantiated charges without probable cause was to harass and/or retaliate against plaintiff as well as provide

pretextual grounds for her suspension/discharge.

53. Defendant City of Washington has established, developed, ratified, approved or otherwise encouraged, by and through its agents and/or employees, the following patterns of conduct creating policies or other de facto usages, customs, practices, and procedures, including the following:

    a. Defendant City of Washington has pursued a custom, policy, and/or procedure of failing to provide appropriate training, instruction and/or follow-up in the requirement to have probable cause to make an arrest and/or the proper role of the recommendation of the prosecuting attorney.

    b. Defendant City of Washington encouraged the instant conduct by failing to take any disciplinary action whatsoever against the offending officer despite notice. As a result of these failures, Defendant City of Washington has failed to protect the public, including plaintiff, as outlined.

    c. Defendant city officials fully ratified the conduct of defendant police officer.

    d. The actions of the Sheriff, a county decision maker, establishes the liability of defendant county.

54. These actions have served to deprive the Plaintiff of her civil rights, as previously outlined, under color of law, and hence violate the United States Constitution and are actionable under 42 U.S.C. §1983.

55. As a result of the aforementioned, Plaintiff has been damaged as follows:

    a. Loss of reputation and attachment of social stigma.

    b. Pain, suffering, inconvenience, loss of enjoyment of life, annoyance and other emotional distress.

    c. Entitlement to punitive damages due to outlined outrageous conduct.

    d. Declaration of violation of rights, as outlined.

    e. Counsel fees to defend underlying charges.

    f. Entitlement to counsel fees and costs for the instant action per 42 U.S.C.

§1988.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, and individually in an amount to be determined by the jury and costs and such other relief as the Court deems proper. JURY TRIAL DEMANDED.

          Respectfully submitted,

          s/Peter M. Suwak\_\_\_\_\_
          Peter M. Suwak, Esquire
          PA 23779
          Counsel for Plaintiff
          Pete's Surplus Building
          P.O. Box 1
          Washington PA 15301
          Phone: (724) 228-4885
          Fax:    (724) 228-7916
          Email: pmsuwakesq@comcast.net

## VERIFICATION

Under the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities, I verify that the facts set forth in the foregoing Complaint are true and correct to the best of my information, knowledge and belief.

Dated: April 19, 2006

Paulette D. Benard